**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-2297**

FELDMAN'S MEDICAL CENTER PHARMACY, INCORPORATED,

Plaintiff – Appellant,

v.

CAREFIRST, INCORPORATED,

Defendant – Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Susan K. Gauvey, Magistrate Judge. (1:10-cv-00254-SKG)

Submitted:  September 6, 2013         Decided:  October 9, 2013

Before SHEDD and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Anthony Paduano, PADUANO & WEINTRAUB, LLP, New York, New York, for Appellant.   Anthony F. Shelley, MILLER & CHEVALIER CHARTERED, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Feldman's Medical Center Pharmacy, Inc. appeals the district court's denial of its motion for attorney's fees. We affirm.

In June 2009, Feldman's filed a complaint against CareFirst, Inc. in the Circuit Court for Baltimore County, Maryland, seeking reimbursement for medication it had dispensed to CareFirst's insureds. CareFirst removed the case to the district court, which later denied Feldman's motion for remand on the ground that at least one of Feldman's claims was preempted by ERISA. In August 2010, CareFirst advised the district court that it was willing to voluntarily pay Feldman's claims based upon an advisory opinion from the Maryland Board of Pharmacy that shed light on the underlying dispute. Thereafter, CareFirst paid Feldman's claims for reimbursement in their entirety, plus $23,017.00 in interest.

After CareFirst paid, Feldman's asserted that CareFirst had improperly calculated the amount of interest owed, which Feldman's claimed was $886,483.93 (in addition to the amount already paid by CareFirst), and moved for summary judgment on that issue. The district court ultimately granted Feldman's an additional $11,983.00 in interest. Feldman's thereafter moved for attorney's fees, which the district court denied. Feldman's

2

Med. Ctr. Pharm., Inc. v. CareFirst, Inc., 898 F. Supp. 2d 883 (D. Md. 2012).

In an ERISA action, a district court has discretion under 29 U.S.C. § 1132(g)(1) to award costs and reasonable attorney's fees to either party, so long as the party has (1) achieved "some degree of success on the merits," and (2) is entitled to an award under the five factors we set forth in Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1029 (4th Cir. 1993). Williams v. Metro. Life Ins. Co., 609 F.3d 622, 634–35 (4th Cir. 2010) (quoting Hardt v. Reliance Standard Life Ins. Co., 130 S. Ct. 2149 (2010)). We review the district court's denial of Feldman's motion for abuse of discretion. Id. at 634.

The district court found Feldman's had not achieved "some success on the merits" because (1) its lawsuit was not the catalyst causing CareFirst to pay the claims at issue, and (2) the award of prejudgment interest in favor of Feldman's was "trivial" since the court rejected Feldman's central theory for calculating the interest owed and ultimately awarded a much lower amount than Feldman's sought. Feldman's Med. Ctr. Pharm., Inc., 898 F. Supp. 2d at 897–907. Further, the court held that even if Feldman's had achieved some success on the merits, it was still not entitled to an award of fees under the Quesinberry factors. Feldman's noted a timely appeal. On appeal, Feldman's contests both of these rulings.

3

Having reviewed the parties' submissions, the district court's opinion, and the applicable law, we affirm substantially on the reasoning of the district court's order. Feldman's Med. Ctr. Pharm., Inc., 898 F. Supp. 2d 883. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and oral argument would not aid the decisional process.

AFFIRMED